Good morning Your Honor, and thank you for your support. My name is Jan Mormon, and I'll be talking with Matthew and John Mitchell. This morning I'd like to focus my argument on what I think is probably the most important or significant issue in this case, and that is the, during this conduct, in discussing the potential sentence under the California Three Strikes Law. Now at trial, the appellant testified... Is that, Ms. Norman, the only issue remaining in light of the certificate of appealability and the other issues in terms of how this appeal has come to the court? Isn't that the only question that's left, is whether or not there's jury misconduct in terms of extrinsic evidence consideration? I'm sorry. Go ahead. I'm sorry to interrupt. No, go ahead. In terms of the other argument, extrinsic evidence would be the question of the jury deliberating outside of the jury room. I think that that is still a valid issue. However, I think that argument is more, to be honest, problematic because of the findings that were made by the state court judge. In my brief, my position is that the state court judge's findings were inaccurate, were not fully supported by the record because he did not go ahead and question the other jurors. Well, but my question is more what has been preserved for appeal. My understanding is that the issue that the certificate of appealability was issued upon was the question of whether or not extrinsic evidence was considered by the jury improperly. And that's the only issue that's before the court on appeal. Right, Your Honor. Okay. The way I was responding was that there's certainly an argument that by deliberating outside the jury room, that itself was some consideration of extrinsic evidence. But I would agree with the court, and I would focus my argument, on the consideration of the California three strikes law for that very reason. Now, after the appellate testified, and he testified that he had prior convictions, including an attempted murder, the jury was specifically instructed to consider his prior convictions for the purpose of impeachment only. And they were also instructed that they were not to consider the sentence or punishment as being part of their deliberations. Both of those are pretty standard jury instructions in California trials like this. Despite the instructions, the record is very clear that such discussion occurred, that you have two jurors stating in declarations and on testimony that the jury discussed the three strikes law. You've got one declaration saying that, yes, we discussed it. In fact, at some point the foreman admonished us not to continue discussing it. Isn't there counter evidence in the record in terms of declarations from other jurors and didn't the state trial judge consider the issue and conclude that that judge found it more believable that jurors that said discussions didn't take place? Your Honor, I can answer your first question, yes. There were two jurors. One said no discussion occurred at all. There was also just a declaration by the foreman that said no discussion occurred. This is the very same foreman that the other jury said admonished them. So there's some question. But it's not us to re-judge the credibility of the witnesses. But I would disagree with you, Your Honor, that the state court judge evaluated that issue. That was the one issue that never got evaluated. The judge made a credibility calling both in terms of whether or not the jurors, the three jurors, or two jurors, I'm sorry, three, were intimidated. And then he also made a finding, well, sort of made a finding, that the discussions didn't occur outside because they had been admonished and he wasn't going to disregard these other people. But basically, he felt that the other jurors and his own admonitions resulted in the fact that there were not deliberations that took place outside. But he did not make the issue of whether or not there was a discussion of free strikes law. And then you go up to the Court of Appeal, and there you get the decision that says, well, gee, that's probably not, that's probably inadmissible evidence as invading jury deliberations, which, as I've argued in my brief, was as wrong as a matter of law, both under California law and also under federal law, that discussion of a specific sentence, in this case the free strikes law, was admissible and does constitute misconduct. So then you get to the third level. It goes into federal court. And again, if you look at the report and recommendation, there is no mention whatsoever of this particular issue. So if you go all the way back through the record, what you find is the jury considered extraneous information. It was never discussed or never ruled upon by the state trial court. It was ruled upon, well, it was not ruled upon by the California Court of Appeal because they simply said, well, we think the judge probably excluded this as jury deliberation. They were wrong. So you don't have, you know, you have an, well, if you want to start applying, you have a wrong application of the law. And then you get to the district court, and the district court never deals with it at all. So given this situation, I would submit that the reasonable relief is to remand it. And the reason I would say, I mean, I'd like to argue we should just have a flat-out reversal, but I think that there are some questions as to the amount of prejudice, and I think that if you apply the test in Estrada, how it was received, the length of time it was discussed, there's a lot of questions out there that cannot be answered until we have an evidentiary hearing to determine exactly, you know, the extent of the discussion that occurred. The government's provided us with the reference to the supplemental authority, the Supreme Court decision in Cullen indicating that should it be remanded, the review will be confined to the record that was already developed. So what's the point of a remand? Well, first of all, the matter can be remanded because you've got, it comes in under D-2, whether there was an unreasonable determination of the facts. It's not D-1. Penholster talks about D-1, under reasonable application of the law. Now, you have that here because you've got the California Court of Appeals, I'm sorry, am I interrupting? No, go ahead. California Court of Appeals filed the wrong law, but you also have, you know, reasonable development of the facts, and I believe that under, I think it's under Williams, it talks about a failure to develop the facts is also an unreasonable development of the facts. So Penholster... No, that would be a legal determination, I suppose. The problem we have is that the Supreme Court seems to have told us that if something is an unreasonable, if you were going to show that something is an unreasonable application of the law to the facts, that you have to, you were stuck with the facts as developed on this record. Your Honor, I hope the Court got the short letter brief that I also submitted as well. Let me repeat myself. Penholster talks about 2254 U.S. Code Section D-1. There is a D-2. It's an either or. And under D-2, factual determinations may be unreasonable under D-2 when they're predicated on the State Court's factual or legal errors resulting from an inadequate development of the facts. So, albeit, Penholster is saying, if you're coming in to try to argue that they applied the wrong law, you may be limited to the factual record. But if you're coming in and saying, no, no, no, no, I mean, D-2 is not even dealt with in the Penholster decision. If under D-2, you say, no, no, no, there was an unreasonable determination of the facts and the evidence that was reported to the State Court, that's exactly what I'm saying. I'm also sorry about that. Is there anything in Penholster that makes that distinction? That says, oh, we're only talking about the first prong. We're not talking about the second prong. Do they say that anywhere in the decision? They talk about it in the context of 2254 D-1. Well, I know that, but my question is, grant that, but do they then, are they careful to say, that's all we're talking about, that this doesn't apply to D-2? Do they say that anywhere? They do not specifically say it does not apply to D-2. However, what they do say, they talk about it in the context of D-1, and the standard they're applying is whether there was a reasonable or contrary application of the law. That's clearly D-1. That's not D-2. So I don't have any language I can cite to say, oh, and by the way, we're not applying this to D-2, but I think you can't apply Penholster to D-2 when the case is not discussed. Well, logically, doesn't it follow that you can't redevelop the facts that weren't developed there in order to call the state courts unreasonable? Well, I'm not sure. Not that this is what you consider logical, Your Honor. I think that D-2 allows a native commissioner to come into federal court and seek relief when the facts are not properly developed and ignored in state court. I think that's what D-2 stands for. I think that's what D-2 is all about. And to just simply say that, you know, there is no adjudication here. I mean, you know, to step back from all this and say there's no adjudication on the merits of this claim. Counsel, if I could ask you, Judge Gould, if I could ask you a question. And I apologize, I know we're over the time, but if I understood the state court judge, he said in part that he thought it was inconceivable that they had had discussions outside the jury room, like at lunch breaks or whatever. First, am I right about that? Did the state court judge say that? And second, if he said that, is that implicitly saying that they didn't discuss the three strikes outside the jury room? The answer to your first question is yes. The court did say he finds it inconceivable. The answer to your first question is yes. The answer to your second question is no, because the discussions regarding the three strikes occurred from what we believe for the record inside the jury room. In fact, you have the one juror saying that they were discussing the three strikes and the foreman admonished us that we were not supposed to consider that in our deliberations. So even if they didn't have discussions outside the jury room, that doesn't preclude them having discussed the three strikes inside the jury room. So the judge's ruling doesn't have anything to do implicitly or explicitly with the three strikes discussion. May I make the same point? Yes, and you're saying that his ruling doesn't really address whether they talked about three strikes in the jury room. Correct, Your Honor. I think I've used up my time. Yes, you have more than you said. Thank you. Thank you very much. Good morning, Your Honors. Deputy Attorney General Stephanie Neoshi on behalf of Respondent, the Warden Matthew Martell. I'd like to make a few points in response to counsel's argument. The first point I'd like to make is that the trial court in this case did specifically reject the three strikes claim on the merits. At one point prior to signing the motion for a new trial, the trial court specifically refers to jurors 6, 7, and 12, and those are the three jurors that submitted declarations on behalf of the petitioner. And the court specifically says, quote, I don't think that anything they said in the courtroom or in their declarations is enough for granting the motion for a new trial. And so that shows that the trial court did, in fact, consider the declarations of those three jurors and basically made a credibility determination that those three jurors were not credible and that that court was in the best position to make that credibility determination. They had a hearing in which all 12 jurors testified, and the court decides that those two jurors, which is jurors 6 and 12, were simply not credible. So there was a reasoned determination on the merits in this case. In regards to the remand, the fact that there is a reasoned determination on the merits in this case includes remand under both Penn-Holster and Subdivision D-2. Penn-Holster specifically says if there is a merits-based decision by the state courts, this federal court is limited to the state court record unless the state court's determination is unreasonable. And in regards to Subdivision D-2... Counsel, if I could ask you a question on that. Sure. Where in the state court decision does he say that three strikes was not discussed in the jury room? The trial court does not specifically state that the three strikes was not discussed in the deliberation. What the court says is basically that it's considered the testimony of the jurors and the declarations of the two jurors that said that there were these discussions in the jury room, and that the court finds that nothing that they testified to, nothing in their declarations, would support the granting of a motion for a new trial. And that's at Excerpts of Record, P. 71. And so that's an indication from the court that it's considered those declarations, it's considered their testimony that there were these discussions, and is rejecting it, finding implicitly that those discussions did not take place. I would also note that the California Court of Appeal, although it, on the one hand, says that the trial court would have been justified to exclude the declarations in regards to the three strikes discussion, the California Court of Appeal actually does explicitly state  that the jurors have considered, quote, Yeah, as you understand it, that was my question, as you understand it, is the three strikes discussion based upon some evidence that was not supposed to be considered by them, or was it just something that came out of their heads? No, he was impeached with his prior convictions, in addition to which he was charged with being a felon in possession of a gun. So the party stipulated that he had a felony conviction in regards to that. But they were specifically instructed that the prior convictions that he was impeached with could only be used for impeachment purposes. Okay, but they didn't bring in any statutes or anything like that that they would, okay. Based on the record, that just kind of popped up. Yeah. But in any event, the state court did make a reasonable determination on merits, and I should note that the trial court actually never excluded the declarations on Section 1150, the evidence about Section 1150 grounds. The only thing that the court explicitly states wasn't in this rule was anything having to do with the court's subjective feelings of the jurors, but it never states that it's excluding the three strikes information. In regards to Subdivision D-2 and whether a remand can be had under Subdivision D-2, Subdivision D-2 explicitly limits itself to the state court record. The explicit wording of Subdivision D-2 says that the record at issue is the record that was before the state court proceeding, so that does not offer any avenue for a petitioner to get a remand in this case. Is it also your position that the request for an evidentiary hearing has been waived by virtue of the fact it wasn't raised, as I understand it, in the district court? Well, I believe Petitioner did state in passing that he wanted an evidentiary hearing on all his claims. So you think that's an available option in this court? It's not been waived to request it? Yes, the only thing that we are arguing is waived is actually the merits issue itself because Petitioner did not actually argue the certified issue in this court. Okay. And the state court made a decision with respect to the declarations and other matters that are offered here? That's correct. The state court specifically refers to the testimony and the declarations in denial. Right. Okay. Thank you. There don't appear to be any. Are there any further questions of the appellant? No questions here. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is United States v. Waldron.
judges: Seeborg, Schroeder, Gould